UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>   v.<br><br>JASON MARR,<br><br>                      Defendant. | Case No: 1:10-cr-00182-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it defendant Jason Marr's Motion to Stay Final Order of

Forfeiture (Dkt. 630). For the reasons explained below, the Court will deny the motion.

## ANALYSIS

In January 2011, Marr pleaded guilty to conspiracy to distribute

methamphetamine. In his Rule 11 Plea Agreement with the government, Marr agreed

that the Court would enter an order of forfeiture as part of his sentence. *See* Dkt. 255, at

4. The Court later entered the requested forfeiture order. *See* Dkt. 411 (Preliminary

Forfeiture Order); Dkt. 462 (Final Order of Forfeiture). Marr did not appeal his

conviction or forfeiture order. Additionally, in August 2014, Marr agreed to an Inmate

Financial Plan, which calls for monthly payments of $79. *See* Dkt. 633-1.

Shortly after signing the Inmate Financial Plan, Marr asked this Court to stay its

forfeiture order. Generally speaking, Marr contends that his motion should be granted

based on the pendency of his 28 U.S.C. § 2255 proceeding. Marr filed his § 2255 motion

with this Court in April 2012. This Court denied the motion, and Marr appealed. The

appeal is currently pending before the Ninth Circuit. Marr asserts that he will probably

prevail on appeal and says that, for this reason, the Court should stay the forfeiture order.

The only authority Marr cites in support of his request is Federal Rule of Criminal

Procedure 32.2(d). This rule provides as follows:

> **(d) Stay Pending Appeal**. If a defendant appeals from a
> conviction or an order of forfeiture, the court may stay the order of
> forfeiture on terms appropriate to ensure that the property remains
> available pending appellate review. A stay does not delay the
> ancillary proceeding or the determination of a third party's rights
> or interests. If the court rules in favor of any third party while the
> appeal is pending, the court may amend the order of forfeiture but
> must not transfer any property interest to a third party until the
> decision on appeal becomes final, unless the defendant consents in
> writing or on the record.

Rule 32.2 does not help Marr, however, as this Court has previously determined that Rule

32.2(d) "does not provide for a stay of forfeiture proceedings during the pendency of a §

2255 proceeding." *United States v. Sperow*, Case No. 1:06-cr-00126-BLW, 2011 WL

3837283 (D. Idaho Aug. 29, 2011). Further, even assuming, for the sake of argument,

that a stay would be appropriate during the pendency of a § 2255 proceeding, a stay

would not make sense here because the property at issue is money. The purpose of a stay

"is to ensure that the property remains intact and unencumbered so that it may be returned to the defendant in the event the appeal is successful." Fed. R. Crim. P. 32.2(d) (2000 Advisory Committee's Note). If a forfeiture order simply involves money being paid to the government, the money could be refunded upon reversal of an underlying conviction.

## ORDER

**IT IS ORDERED THAT** Defendant Jason Marr's Motion to Stay Final Order of Forfeiture (Dkt. 630) is **DENIED.**

DATED: October 14, 2014

B. Lynn Winmill
Chief Judge
United States District Court