UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON MARR,<br><br>Defendant. | Case No. 1:10-cr-00182-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Jason Marr's Motion for Early Termination of Supervised Release (Dkt. 768). The Government has not filed a response to the Motion. Having reviewed the motion and the record in this case, the Court now issues its decision. For the reasons stated below the Court will grant the motion.

## BACKGROUND

In April 2011, this Court sentenced Mr. Marr to 130 months of incarceration and five years of supervised release for conspiracy to distribute methamphetamine. In July 2015, his sentence was reduced to 110 months on a motion pursuant to 18 U.S.C. § 3582(c)(2). Mr. Marr was released from BOP custody and began his term of supervised release on July 13, 2018. At the time of this Order, Mr. Marr has

**MEMORANDUM DECISION AND ORDER - 1**

completed more than three years of his supervised release.

Following his release, Mr. Marr found work as a welder, and has obtained two welder certifications. His employer wrote a letter describing his outstanding performance at work. Mr. Marr wants to join the Iron Workers Union, but the travel restrictions associated with his supervised release prevent him from working on out-of-state projects. Mr. Marr has developed a strong support network through his performance at work, his community involvement, and his efforts to rebuild family relationships. He is involved in a local chess club and volunteers in the community.

In addition, Mr. Marr is sober, stable, and performing very well on supervision. His supervising probation officer reported to defense counsel that Mr. Marr has had no issues during his term of supervision. Notably, he has not required any substance abuse treatment or mental health treatment while on supervised release. The U.S. Probation office does not oppose early termination of supervised release in this case.

## ANALYSIS

The Court has broad discretion to impose terms of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); 18 U.S.C. § 3583(e)(1). This includes the discretion to terminate such release after Defendant

**MEMORANDUM DECISION AND ORDER - 2**

has served one year of their supervised release. *Id.* In deciding whether to

terminate supervision, the court must review a number of sentencing factors which

include:

> 1) the nature and circumstances of the offense and the history and
> characteristics of the defendant; (2) deterrence; (3) protection of the
> public; (4) the need to provide the defendant with educational,
> vocational training, medical care or other rehabilitation; (5) the
> sentence and sentencing range established for the category of
> defendant; (6) any pertinent policy statement by the Sentencing
> Commission; (7) the need to avoid unwarranted sentence disparities
> among defendants with similar records who have been found guilty of
> similar conduct; and (8) the need to provide restitution to any victims
> of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C),
> (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7).

*United States v. Evertson*, No. 4:06-cr-206-BLW, 2011 WL 841056, at *2 (D.

Idaho Mar. 7, 2011) (citing *United States v. Smith*, 219 Fed. Appx. 666, 667 n.3

(9th Cir.2007)). However, in rendering its decision the Court shall simply provide

an explanation based on its consideration of such factors. *Emmett*, 749 F.3d 817, at

821-22. The Court need not elaborate unnecessarily. *Id.*

“[M]ere compliance with the terms of supervised release is what is expected,

and without more, is insufficient to justify early termination.” *Emmett*, 749 F.3d at

823 n.2 (quoting *United States v. Grossi*, No. CR-04-40127, 2011 WL 1259251, at

*2 (N.D. Cal. Apr. 13, 2012)). Defendants seeking an early release must instead

show something more—something unusual or extraordinary. *Accord United States*

MEMORANDUM DECISION AND ORDER - 3

*v. Etheridge*, 999 F. Supp. 2d 192, 195 (D.D.C. 2013).

After consideration of the § 3353(a) factors addressed above, the Court finds that early termination is "warranted by the conduct of the defendant" and "in the interest of justice." 18 U.S.C. 3583(e)(1). Although the nature of Mr. Marr's offense was serious, he ultimately had a limited, non-violent role in the conspiracy. He served more than 8 years in custody and has served more than 75 percent of his term of supervised release without issue. Further, he is successfully employed, involved in his family and the community, and his performance on supervised release has been exemplary. His conduct since his release has demonstrated an extraordinary turnaround. Therefore, the Court will grant the pending motion.

## ORDER

**IT IS ORDERED that:**

1.   Defendant's Motion for Early Termination of Supervised Release (Dkt. 768) is **GRANTED**.

DATED: November 12, 2021

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**